**LINK: 1**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 13-01330 GAF (SHx) | Date | September 11, 2013 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes Inc., et al. v. National Union Fire Insurance Company, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          **(In Chambers)**


### <u>ORDER TO SHOW CAUSE</u>

On August 27, 2013, Plaintiffs Del Webb's Coventry Homes, Inc., Anthem Arizona, LLC, Pulte Home Corporation, Pulte Development Corporation, and Del Webb's Coventry Homes Construction Co. (collectively, "Plaintiffs") filed suit against National Union Fire Insurance Co., Liberty Mutual Fire Insurance Co., Federated Service Insurance Co., Steadfast Insurance Co., Maryland Casualty Co., and American Guarantee and Liability Insurance Co. (collectively, "Defendants"). Specifically, Plaintiffs allege the following causes of action: (1) breach of contract; (2) tortious breach of the duty of good faith and fair dealing; and (3) declaratory relief-duty to defend.[1]  (Docket No. 1, [Complaint ("Compl.")] ¶¶ 44–66.)

Plaintiffs were endorsed as additional insured parties under a general liability insurance policy.  (Id. ¶ 27.)  On December 28, 2007, Arizona homeowners filed a class action lawsuit against Defendants in the Maricopa County Superior Court,[2] alleging construction deficiencies. Del Webb requested that each Defendant defend Del Webb in that action.  (Id. ¶ 42.)

Plaintiffs allege that each Defendant breached its duty to defend Del Webb by refusing to

---

[1] Plaintiff brings two separate causes of action for declaratory relief-duty to defend. Plaintiff's first duty to defend action is against solely National Union Fire Insurance Company, while Plaintiff's second duty to defend action is against all Defendants. These both appear to be the same claim.

[2] <u>Joan Kirsch v. Del Webb Coventry Homes, Inc.</u>, Case No. 2007-023536.

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-01330 GAF (SHx) | Date | September 11, 2013 |
|----------|--------------------------|------|---------------------|
| Title | Del Webb's Coventry Homes Inc., et al. v. National Union Fire Insurance Company, et al. | | |

defend Del Webb, or offering to pay only a small portion of what was owed under the policies, or never responding to Del Webb's tender of defense.  (Id.)

Plaintiffs assert that jurisdiction is appropriate in this case pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a)(2).  (Id. ¶¶ 15–17.)  The complaint fails to allege the principle place of business for each of the Defendants and merely states that the amount in controversy exceeds $75,000.  (Id.)  As explained in greater detail below, Plaintiffs have failed to properly aver that jurisdiction is proper in the present action.  Accordingly, Plaintiffs are hereby **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.

**A. DIVERSITY JURISDICTION**

28 U.S.C. § 1332 provides as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between--
>
> > (1) citizens of different States;
> >
> > (2) citizens of a State and citizens or subjects of a foreign state;
> >
> > (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> >
> > (4) a foreign state . . . as plaintiff and citizens of a state or different States.

28 U.S.C. § 1332(a).

For purposes of § 1332(a), a corporation is deemed to be a "citizen of any State by which it has been incorporated **and** of the State where it has its principal place of business."  Id. at § 1332(c)(1) (emphasis added).

/ / /

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-01330 GAF (SHx) | Date | September 11, 2013 |
| --- | --- | --- | --- |
| Title | Del Webb's Coventry Homes Inc., et al. v. National Union Fire Insurance Company, et al. | | |

There has been a "consistent refusal to extend the corporate citizenship rule to non-corporate entities, including those that share some of the characteristics of corporations." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 189 (1990)). Instead, the "'tradition of the common law'" is to "'treat as legal persons only incorporated groups and to assimilate all others to partnerships.'" Carden, 494 U.S. at 190 (quoting Puerto Rico v. Russell & Co., 288 U.S. 476, 448 (1933)). For purposes of § 1332(a), a partnership is deemed to be a "citizen of every state of which its owners/members are citizens." Johnson, 437 F.3d at 899.

**B.  CITIZENSHIP OF PARTIES**

Plaintiffs allege that diversity jurisdiction exists because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000. (Compl. ¶ 17.) However, the Complaint only lists the state of incorporation, not the principal place of business, when discussing both Plaintiff and Defendant corporations. (Id. ¶¶ 1–12) Nowhere in the Complaint do Plaintiffs allege the principal place of business for any corporation included. Plaintiffs have failed to show proper citizenship of all parties, therefore it is unclear if the diversity requirement is met.

**C.  AMOUNT IN CONTROVERSY**

It is also unclear from Plaintiffs' complaint that the amount in controversy exceeds $75,000. Plaintiffs do not list specific damage amounts for the claims asserted, and the only monetary amounts in the Complaint are used when discussing insurance policy limits. While the policy limits exceed the $75,000 amount in controversy, there are no allegations as to Defendants' actual liability. Since Plaintiffs have failed to show that the amount in controversy exceeds $75,000, the court cannot affirm that it has jurisdiction over this controversy.

/ / /

/ / /

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-01330 GAF (SHx) | Date | September 11, 2013 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes Inc., et al. v. National Union Fire Insurance Company, et al. | | |

**D.  CONCLUSION**

          For the foregoing reasons, the Court cannot determine whether it has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).  As such, Plaintiffs are **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.  **Plaintiff's response is due by the close of business on Friday, October 4, 2013.  Failure to respond will be deemed consent to dismissal of the action**.

          **IT IS SO ORDERED.**