UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

<u>**ORDER RE: EX PARTE MOTION TO ESTABLISH BRIEFING SCHEDULE FOR MOTION TO DISMISS**</u>

**I.
INTRODUCTION & BACKGROUND**

In this case a general contractor, Plaintiff Del Webb Coventry Homes Inc. ("Del Webb"), seeks recovery as an additional insured under policies of remaining Defendant and Counter-Claimant National Union Fire Insurance Co. ("National Union"). In August, National Union filed for a Motion for Judgment on the Pleadings, which the Court has converted to a Motion for Summary Judgment ("MSJ"). (Docket No. 95 [Mem. Judgment on Pleadings ("MJP Mem.")]; Docket No. 133 [Minutes of 9/29/14 Hearing] at 1; <u>accord</u> Docket No. 134 [9/29/14 Hearing Transcript][1].) In September, Del Webb filed a Motion for Partial Summary Judgment. (Docket No. 108 [Mem. Partial Summary Judgment ("MSJ Mem.")].) The Court took both matters under submission. (Docket No. 149.)

On November 6, 2014, Del Webb sent a letter to National Union notifying them that Del Webb "hereby withdraws its request that [National Union] defend and indemnify Del Webb in the" underlying Arizona action. (Docket No. 156 [Declaration of Nathan A. Cazier ("Cazier Decl.")] at Ex. B [11/6/14 Letter ("November Letter")].) Del Webb conditioned such withdrawal "upon the Court's granting Del Webb's Motion to Dismiss the Recovery Action without ruling on National Union's Motion for Summary Judgment." (<u>Id.</u>) Additionally, Del

---

[1] Counsel for National Union even consented to treating the MJP as a MSJ. (9/29/14 Hearing Transcript at 20 (Counsel for National Union: "You can even convert [the MJP] to a motion for summary judgment and rule in National Union's favor under those standards.").) The MJP will be referred to as a MSJ hereafter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

Webb noted that if the Court "issue[d] an order denying Del Webb's Motion to Dismiss or if it issues an order ruling on the [sic] National Union's Summary Judgment Motion, Del Webb's withdrawal is not effective and its tender remains in full force and effect."  (Id.)  The Court is now in receipt of Del Webb's ex parte application to set a briefing schedule for a Motion to Dismiss ("MTD") such that the MTD may be heard before the Court rules on the Parties' MSJs.  (Docket No. 95 [Ex Parte Application ("Appl.")] at 2.)  Del Webb asserts good cause for such relief exists to grant such relief because Del Webb would dismiss its claims against National Union, thereby mooting the Parties' MSJs.  (Id.)

**II.
DISCUSSION**

**A.  REQUEST FOR JUDICIAL NOTICE**

With its opposition, National Union requests that the Court take judicial notice of documents.  (Docket No. 159 [National Union's Req. For Judicial Notice ("RJN") ISO Opp.].)  National Union requested the Court take judicial notice of the following documents: (1) a copy of a Joint Status Conference Statement, dated September 10, 2014 and filed jointly by all parties on September 10, 2014, in *St. Paul Fire and Marine Ins. Co. v. Liberty Mutual Fire Ins. Co., et al.*, Case Number 30-2012-00593127-CU-IC-CXC (RJN at Ex. 1 [Joint Status Statement]); (2) a copy of a September 15, 2014 Minute Order in *St. Paul Fire and Marine Ins. Co. v. Liberty Mutual Fire Ins. Co., et al.*, Case Number 30-2012-00593127-CU-IC-CXC (RJN at Ex. 2 [9/15/14 Order]); (3) a copy of the Minutes of a Hearing, dated April 11, 2014, filed April 17, 2014, vacating trial, setting the settlement hearing, and setting the status conference in *Joan Kirsch, et al. v. Del Webb Coventry Homes, Inc. Et al.*, Case Number CV 2007-023536 ("*Kirsch*") (RJN at Ex. 3. [4/17/14 Hearing Minutes]); (4) a copy of Del Webb's Memorandum of Points and Authorities in Support of its Motion to Dismiss filed March 7, 2014 in *National Union Fire Ins. Co. of Pittsburgh, PA v. AMPAM Riggs Plumbing, Inc. F/k/a Keith Riggs Plumbing, Inc., et al.*, Case Number 2:14-cv-00039-DGC (RJN at Ex. 4 [National Union's MTD AMPAM's Claims]); (5) a copy of the Stipulation to Stay *National Union Fire Ins. Co. of Pittsburgh, PA v. AMPAM Riggs Plumbing, Inc. F/k/a Keith Riggs Plumbing, Inc., et al.*, Case Number 2:14-cv-00039-DGC pending resolution of this action (RJN at Ex. 5 [Stip. to Stay]).

The Court takes judicial notice of these documents.  Pursuant to Federal Rule of Evidence 201, judicial notice is appropriate for "matters of public record."  United States v. Corinthian Colleges, 2011 WL 3524208 (9th Cir. Aug. 12, 2011) (internal quotation marks and citation omitted); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

2006) (court filings and other matters of public record are proper subjects of judicial notice); Silicon Valley Bank v. New Hampshire Ins. Co., 203 F. Supp. 2d 1152, 1155 (C.D. Cal. 2002) (granting judicial notice of pleadings filed in the same matter). These matters of public record are pertinent to the resolution of this motion.

**B. LEGAL STANDARD**

To obtain ex parte relief, a party must show that: (1) it will be irreparably harmed but for ex parte relief; and (2) it is without fault in creating the need for ex parte relief. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, continuing the hearing date would require the Court to modify the current scheduling and case management order. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard "focuses on the reasonable diligence of the moving party." Noyes v. Kelly Svs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivokovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

**C. APPLICATION**

Del Webb asserts that good cause exists for granting its request because "Del Webb has settled its claims against the other insurance companies in this case and has withdrawn its claim under the National Union policies." (Appl. at 2.) Additionally, it argues such withdrawal will moot the remaining claims. (Id. at 6.) Del Webb argues that the MTD will resolve the litigation in the most efficient way possible for two reasons: (1) "doing so will avoid significant legal expenses litigating complex insurance coverage issues in this Court, and likely before the Ninth Circuit Court of Appeal[;]" and (2) "doing so will avoid the risk of a ruling on National Union's pending motion that may have an undesirable impact on insurance coverage disputes beyond this case." (Id.)

National Union argues, however, that Del Webb has not actually withdrawn its tendered claims. (Docket No. 158 [Opposition to Ex Parte Application ("Opp.")] at 4.) Rather, National Union contends, the many conditions on which such withdrawal is based leaves the November Letter's legal impact ambiguous. (Id.) Additionally, they argue such withdrawal does not moot the remaining causes of action such that ex parte relief is proper. Because Del Webb's withdrawal is conditional on the Court's granting of Del Webb's MTD, National Union argues that the Court cannot grant ex parte relief based on mootness of the remaining claims because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

mootness depends on such withdrawal and dismissal. (Id.) This argument, they explain, is illogical and "requests the Court to make a ruling that requires the ruling to have already been made." (Id.) National Union also argues the remaining claims are not moot because: (1) Del Webb could reassign contribution rights to other insurers who would be free to pursue National Union; (2) other claims, such as breach of contract or for bad faith, are not mooted by such withdrawal; and (3) in other litigation arising out of the same construction project Del Webb is seeking damages against National Union's named insured which raises the possibility of National Union's liability for any such judgment. (Id. at 5-7.)

Additionally, National Union alleges they would suffer from significant prejudice if Del Webb's request was granted. (Id. at 8.) National Union argues Del Webb's attempt to dismiss the action to avoid an adverse ruling is an abusive reason to seek dismissal especially in light of National Union's incurred expenses. (Id. at 8-10 (relying, in part, on White v. Donley, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008) ("the mere temporary avoidance of a claim-dispositive motion is not a legitimate reason to seek dismissal of those claims without prejudice; indeed the avoidance of an adverse ruling is an abusive reason to seek dismissal")) .) Furthermore, they argue that dismissal before ruling on the MSJs could deprive National Union of the benefit of the preclusive effect of a potentially favorable ruling that would impact other currently-pending litigation, some of which Del Webb itself moved to dismiss specifically "on [the] grounds that the exact issues [in that suit] were already being litigated in this action." (Id. at 10-12; see also, RJN at Stip. to Stay at 3 ("This matter should be stayed . . . pending resolution in the *California* Action of National Union's coverage obligations to Del Webb.").

The Court agrees with National Union. First, Del Webb has not shown good cause exists to grant their request. Even now, Del Webb has not truly withdrawn its claims. Indeed, even if the Court grants Del Webb's request to set a briefing schedule to hear the MTD before the MSJs, Del Webb has made its withdrawal contingent on the Court's granting dismissal. Even in that circumstance, Del Webb would not be barred from reasserting its claims against National Union at some future time. (See November Letter.) Second, Del Webb's request would cause National Union prejudice. In addition to the resources National Union has expended, granting Del Webb's request would force National Union to forego a potentially favorable judgment on National Union's MSJ, which would be preclusive in other related, currently-pending matters. Third, Del Webb has contributed to creating the need for the relief it seeks. Indeed, Del Webb had opportunity to bring a regularly noticed MTD that could have been heard before the MSJs; it declined to do so. Instead, Del Webb decided to rely on its own MSJ, waited after both Parties' MSJs had been pending for months to seek relief, and even admits the instant relief sought is to evade a potentially preclusive adverse ruling. (See Appl. at 6.) The Court has therefore been

LINK:155

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

provided with no good reason for granting Del Webb's request. (See White v 2008 WL 4184651, at *3.)

## III.
## CONCLUSION

Del Webb has failed to show that it would suffer irreparable harm if the current ex parte relief was not granted and has contributed to the need for such relief and National Union has shown that granting such relief would cause them significant prejudice. Accordingly, Del Webb's request for ex parte relief to establish a briefing scheduling to allow the Court to decide and rule on Del Webb's Motion to Dismiss before the Court rules on National Union's pending Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**