FILED
CLERK, U.S. DISTRICT COURT

DEC - 5 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DEL WEBB'S COVENTRY HOMES, INC., et al. | Case No. SA-CV 13-1330-GAF-SHx |
| Plaintiffs, | [PROPOSED] JUDGMENT ON NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S AND DEL WEBB'S COVENTRY HOMES, INC.'S CROSS-MOTIONS FOR SUMMARY JUDGMENT AND ORDER OF DISMISSAL |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al. | |
| Defendants. | Judge: Gary Allen Feess |
| AND RELATED CROSS-ACTIONS | Action Filed: August 27, 2013 |

///

///

///

///

1

[PROPOSED] JUDGMENT ON NATIONAL UNION'S AND DEL WEBB'S CROSS-MOTIONS
FOR SUMMARY JUDGMENT AND ORDER OF DISMISSAL          Case No. 8:13-CV-01330-GAF-SHx

# [PROPOSED] JUDGMENT AND ORDER OF DISMISSAL

Defendant/Counter-claimant/Cross-claimant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA's ("National Union") Converted Motion for Summary Judgment[1] ("National Union's Motion") came on for hearing September 29, 2014. After hearing oral argument, the Court granted additional time for supplemental briefing and continued the hearing to October 31, 2014. After the parties submitted supplemental briefing, including National Union's response to Plaintiffs/Counter-Defendants Del Webb's Coventry Homes, Inc., Anthem Arizona, LLC, Pulte Home Corporation, Pulte Development Corporation, and Del Webb's Coventry Homes Construction Company (collectively "Del Webb") Separate Statement of Uncontroverted Facts in Support of its Partial Motion for Summary Judgment against National Union, the Court ruled on National Union's Motion and Del Webb's Partial Motion for Summary Judgment Against National Union Re: Duty to Defend ("Del Webb's Motion") without further oral argument.

Having read, reviewed and considered, the moving papers, oppositions thereto, reply briefs and supplemental briefing in support of the same, the pleadings of which the Court takes judicial notice and the arguments of counsel, the Court dismisses Del Webb's claims against National Union, with prejudice, for all of the reasons set forth in the Court's Order, dated November 19, 2014, GRANTING National Union's Motion and DENYING Del Webb's Motion, which is attached as Exhibit A to this Judgment and Order of Dismissal.

///

[1] During oral argument held on September 29, 2014, the Court converted National Union's Motion for Judgment on the Pleadings to a Motion for Summary Judgment. (Docket No. 135 [Transcript Hearing September 29, 2014 at 10:06 a.m. ("9/29/14 Hearing Trans.")] at 4 ln. 20.)

1   IT IS HEREBY ORDERED THAT Del Webb's claims against National

2   Union are hereby dismissed in their entirety with prejudice and judgment is entered

3   in favor of National Union on its counter-claims against Del Webb.

4

5   Dated this _____ day of _December_, 2014

6

7

8                                       _____
                                        United States District Judge,
9                                       Honorable Gary A. Feess

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                      3

28   [PROPOSED] JUDGMENT ON NATIONAL UNION'S AND DEL WEBB'S CROSS-MOTIONS
     FOR SUMMARY JUDGMENT AND ORDER OF DISMISSAL          Case No. 8:13-CV-01330-GAF-SHx

# EXHIBIT A

JS - 6          **LINK: 96, 108, 131**

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers)
### ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT

### I.
### INTRODUCTION

This suit arises out of Del Webb Coventry Homes, Inc.'s ("Del Webb") claim that National Union Fire Insurance Co. of Pittsburgh, PA ("National Union") had a duty to defend and to indemnify them in a previous Arizona law suit ("Arizona action") regarding defectively installed water pipes. (See Docket No. 95 [National Union's Motion for Judgment on the Pleadings ("National Union Mem.")] at Ex. 1 [Arizona Complaint].) In the present motion, National Union contends that it is entitled to judgment because it had no duty to defend Del Webb against claims brought in an Arizona class action lawsuit.[1] (See National Union Mem.) In response, Del Webb seeks partial summary judgment as to the claims regarding National Union's duty to defend. (See Docket No. 108 [Del Webb's Motion for Partial Summary Judgement as to National Union ("Del Webb Mem.")].)

For the reasons set forth below the Court finds that there is no genuine issue of material fact regarding whether the Arizona action could give rise to a possibly covered damage. As explained in detail below, both National Union's duty to defend and duty to indemnify were not triggered. Accordingly, the Court **GRANTS** National Union's converted Motion for Summary

---

[1] As directed by the Court during the Status Conference held on September 29, 2014, the Court converts National Union's Motion for Judgment on the Pleadings to a Motion for Summary Judgment. (Docket No. 135 [Transcript Hearing September 29, 2014 at 10:06 a.m. ("9/29/14 Hearing Trans.")] at 4 ln. 20.)

JS - 6    **LINK: 96, 108, 131**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

Judgment, and **DENIES** Del Webb's Partial Motion for Summary Judgment. Del Webb currently has pending a Motion for Leave to Amend the First Amended Complaint. (Docket No. 131 [Mem. Leave to Amend First Amended Complaint ("Mem. Leave Amend FAC")].) As explained below, Del Webb's motion is **MOOTED** by this order.

**II.**
**BACKGROUND**

**A. REQUEST FOR JUDICIAL NOTICE**

With its motion, opposition, and supplemental opposition, Del Webb requests that the Court take judicial notice of documents. (Docket No. 107 [Plaintiff's Req. For Judicial Notice ISO Opp. ("Plaintiff's RJN ISO Opp.")]; Docket No. 110 [Plaintiff's RJN for Motion for Partial Summary Judgment ("Plaintiff's RJN ISO MPSJ")]; Docket No. 139 [Plaintiff's RJN ISO Supp. Opp.].) The request for judicial notice identifies the following documents: (1) a copy of an excerpt of the testimony of J. Darby Howard in an evidentiary hearing in the Arizona action dated September 19, 2012 (Plaintiff's RJN ISO Opp. at Ex. A/Plaintiff's RJN ISO MPSJ at Ex. A)/(Plaintiff's RJN ISO Supp. Opp. at Ex. B); (2) a copy of an excerpt of the testimony of J. Darby Howard in an evidentiary hearing in the Arizona action dated September 17, 2012 (Plaintiff's RJN ISO Opp. at Ex. B)/(Plaintiff's RJN ISO MPSJ at Ex. B)/(Plaintiff's RJN ISO Supp. Opp. at Ex. C); (3) a copy of the complaint filed against Del Webb in the Arizona action (Plaintiff's RJN ISO Opp. at Ex. C)(Plaintiff's RJN ISO MPSJ at Ex. C)/(Plaintiff's RJN ISO Supp. Opp. at Ex. D); (4) a copy of an excerpt of the testimony of Dean Jacobson in an evidentiary hearing in the Arizona action dated October 1, 2012 (Plaintiff's RJN ISO Opp. at Ex. D)/(Plaintiff's RJN ISO MPSJ at Ex. D)/(Plaintiff's RJN ISO Supp. Opp. at Ex. E); (5) a copy of an excerpt of the testimony of J. Darby Howard in an evidentiary hearing in the Arizona action dated September 20, 2012 (Plaintiff's RJN ISO Opp. at Ex. E)/(Plaintiff's RJN ISO MPSJ at Ex. E)/(Plaintiff's RJN ISO Supp. Opp. at Ex. F); (6) a copy of the Ruling Minute entry granting the Arizona action plaintiff's Motion for Class Certification (Plaintiff's RJN ISO Opp. at Ex. F); (7) a copy of the Arizona court's order granting final approval of class action settlement (Plaintiff's RJN ISO Opp. at Ex. G); (8) a copy of the Declaration of Kim L. Roser in Support of Plaintiffs' Motion for Partial Summary Judgment Against Liberty Mutual Re: Duty to Defend, Docket Number 101 in this case, filed August 29, 2014. (Plaintiff's RJN ISO Opp. at Ex. H)/(Plaintiff's RJN ISO MPSJ at Ex. H); (9) a copy of Nation Union's Response to Request for Admissions propounded by Del Webb [Set No. 1] (Plaintiff's RJN ISO MPSJ at Ex. F); (10) a copy of National Union's response to interrogatories propounded by Del Webb [Set No. 1] (Plaintiff's RJN ISO MPSJ at Ex. G); (11) a copy of the Reporter's Transcript of Proceedings in this action,

JS - 6    **LINK: 96, 108, 131**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

dated September 29, 2014 (Plaintiff's RJN ISO Supp. Opp. at Ex. A); (12) a copy of Del Webb's motion for decertification in the Arizona action (Plaintiff's RJN ISO Supp. Opp. at Ex. G); (13) a copy of the Arizona court's minute order denying decertification (Plaintiff's RJN ISO Supp. Opp. at Ex. H); (14) a copy of the Joint Pre-Trial statement in the Arizona action (Plaintiff's RJN ISO Supp. Opp. at Ex. I); (15) a copy of the motion for class certification and memorandum of points of authorities in the Arizona action (Plaintiff's RJN ISO Supp. Opp. at Ex. J); and (16) a copy of the Arizona court's minute order granting Del Webb's MSJ (Plaintiff's RJN ISO Supp. Opp. at Ex. L).

With its motion and its response to Del Webb's Supplemental Opposition, National Union requests that the Court take judicial notice of documents. (Docket No. 95-3 [National Union RFN MJP]); (Docket No. 146 [National Union RFN Response].) They request the Court take judicial notice of the following documents: (1) a copy of the complaint filed against Del Webb in the Arizona action (National Union RFN MJP at Ex. 1); (2) a copy of the Arizona plaintiff's motion for class certification (National Union RFN MJP at Ex. 2); (3) a copy of the Arizona defendant's opposition to plaintiff's motion for class certification (National Union RFN MJP at Ex. 3); (4) a copy of the Arizona plaintiffs' reply in support of motion for class certification (National Union RFN MJP at Ex. 4); (5) a copy of the Arizona superior court's order granting the Arizona action plaintiff's Motion for Class Certification (National Union RFN MJP at Ex. 5 [Arizona Class Certification Order ("CCO")]); (6) a copy of the Arizona plaintiffs' opposition to Del Webb's MSJ (National Union RFN MJP at Ex. 6); (7) a copy of Del Webb's Arizona motion for decertification (National Union RFN MJP at Ex. 7); (8) a copy of the Arizona court's minute order requesting further briefing for Del Webb's motion to decertify (National Union RFN MJP at Ex. 8); (9) a copy of Del Webb's Rule 23 brief (National Union RFN MJP at Ex. 9); (10) a copy of the Arizona court's minute order denying decertification (National Union RFN MJP at Ex. 10); (11) a copy of Del Webb's MSJ in the Arizona action (National Union RFN MJP at Ex. 11); (12) a copy of Del Webb's statement of facts for its MSJ in the Arizona action (National Union RFN MJP at Ex. 12); (13) a copy of Del Web's motion for subclasses in the Arizona action (National Union RFN MJP at Ex. 13); (14) a copy of the Arizona class' Opp. to Del Webb's motion for subclasses (National Union RFN MJP at Ex. 14); (15) a copy of oral arguments in the Arizona action dated October 4, 2013 (National Union RFN MJP at Ex. 15); (16) a copy of the Arizona court's settlement order (National Union RFN MJP at Ex. 16); (17) a copy of the Arizona court's final settlement approval order (National Union RFN MJP at Ex. 17); (18) a copy of the complaint filed by the St. Paul Fire and Marine Insurance Company in a related action in the Superior Court of California (National Union RFN MJP at Ex. 18); (19) a copy of the complaint filed by American Guarantee and Liability Insurance Company in a related action in the Superior Court of California (National Union RFN MJP at

JS - 6     **LINK: 96, 108, 131**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

Ex. 19); (20) a copy of the Reporter's Transcript of Proceedings in the Arizona action dated August 14, 2009 (National Union RFN Response at Ex. 21); (21) a copy of the Reporter's Transcript of Deposition of J. Darby Howard taken January 31, 2011 (National Union RFN Response at Ex. 22); (22) a copy of the application for final approval of class action settlement in the Arizona action (National Union RFN Response at Ex. 23); (23) a copy of an affidavit of Bruce Mayfield in support of the application for final settlement approval in the Arizona action (National Union RFN Response at Ex. 24); (24) a copy of the Arizona court's order denying Del Webb's MSJ in the Arizona action (National Union RFN Response at Ex. 25).

The Court takes judicial notice of these documents. Pursuant to Federal Rule of Evidence 201, judicial notice is appropriate for "matters of public record." United States v. Corinthian Colleges, 2011 WL 3524208 (9th Cir. Aug. 12, 2011) (internal quotation marks and citation omitted); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (court filings and other matters of public record are proper subjects of judicial notice); Silicon Valley Bank v. New Hampshire Ins. Co., 203 F. Supp. 2d 1152, 1155 (C.D. Cal. 2002) (granting judicial notice of pleadings filed in the same matter). These matters of public record are pertinent to the resolution of this motion.

**B. THE ARIZONA ACTION**

This action stems from the underlying Arizona action in which Del Webb sought defense from National Union as a named additional insurer under a policy issued to American Plumbing and Mechanical's ("AMPAM"), one of Del Webb's sub-contractors. (See Docket No. 7 [FAC] at 6, 11.) The policy was issued to AMPAM in connection with its plumbing work for Del Webb in connection with its development of an Arizona residential community known as the "Anthem." (Id. at 6; Docket No. 113 [Decl. of Holly P. Davies ISO MPSJ against National Union ("Davies Decl.")] ¶ 41.) On December 28, 2007, a class action complaint was filed against Del Webb on behalf of the homeowners of the "Anthem" alleging that the communities' homes contained defective plumbing pipes, systems and devices. ( Docket No. 145 [Separate Statement of Facts ("SSF")] ¶ 23; Docket No. 107 [Del Webb RJN ISO Opp. ¶ 3] Ex. C. [("Ariz. Compl.")] ¶¶ 1, 3.)

The complaint alleged that "'Plaintiffs have discovered that the Anthem community has been and is experiencing damages resulting from defective construction and installation of unsleeved copper plumbing pipes, systems and devices, and that said components were not designed, located, constructed or installed in a workmanlike manner . . . .. '" (SSF ¶ 24; Ariz. Compl. ¶ 17.) The complaint further alleges that the plaintiffs were not fully aware of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

"causes" or "results" of the improper unsleeved copper pipes, and that they "suffered damages" which required "investigations and works or repair, restoration and construction to the plumbing pipes, systems and devices to prevent further damage and to restore the structures to their proper condition and/or will suffer damages in an amount the nature and extent of which shall be ascertained . . . at trial." (SSF ¶¶ 25, 26; Ariz Compl. ¶ 28.)

On August 26, 2009, the Arizona court certified the Anthem class and noted that the putative class represented that the claims were "based on the same legal theories (i.e. breach of express and implied warranties), aris[ing] from the same course of conduct (i.e. Defendants, using the same subcontractor, improperly installed unsleeved copper water piping), and seek identical legal remedies (i.e. the cost of repairing the unsleeved copper water piping)." (CCO at 1.) The Arizona court also held that the putative class members "have been adequately defined in terms of damages" where the representative plaintiff's "damages are for the cost of repairing the defect itself and not necessarily for damages resulting from the failure of that defect." (CCO at 3.)

Three years after this initial certification, the Arizona court affirmed the certification of the Anthem class under the common question of "[w]ill thermal galvanic corrosion ("TGC") cause the underslab hot water pipe to leak in the 3,000 plus Anthem area class homes?" (National Union RFN MJP Ex. 10 at 2.) On April 8, 2014, the Kirsch plaintiffs and Del Webb reached an agreement in principle to settle the class claims. (See SSF ¶ 75.)

**C. THE COMMERCIAL GENERAL LIABILITY POLICY**

Liberty Mutual issued a policy to AMPAM under which Del Webb was an additional insured. (Docket No. [Statement of Uncontroverted Facts ISO MPSJ Against Liberty Mutual ("SUF")] ¶¶ 12,13; .) That policy similarly provided that Liberty Mutual would "pay those sums that [Del Webb] becomes legally obligated to pay as damages because of . . . 'property damage' during the 'policy period' 'caused by an 'occurrence.''" (SUF ¶ 15.)

National Union issued five Commercial General Liability excess policies ("CGL") to AMPAM covering policy periods from January 1, 1999 to November 1, 2003. (Docket No. 112 [Declaration of Jared De Jong ("De Jong Decl. ")] ¶¶ 3-7.) The policies state that the insurer "will pay on behalf of the Insured those sums in excess of the Retained Limit . . . because of . . . Property Damage . . . that takes place during the Policy Period and is caused by an Occurrence . . ." (See id. at Ex. A at 20.) The policies contain many exclusions, including exclusions regarding damage to "Your Work" or "Your Product." (Id. at Ex. A at 23-24.) The policies also

JS - 6    **LINK: 96, 108, 131**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

provide the following relevant definitions: (1) "Property Damage means . . . Physical injury to tangible property, including all resulting loss of use of the property." (Id. at Ex. A at 25.); (2) "Your Product means: . . . Any goods or products other than real property, manufactured, sold, handled, distributed or disposed of by: . . you; (3) Your Work means . . . Work or operations performed by you or on your behalf; and . . . Materials, parts or equipment furnished in connection with such work or operations. (Id. at 25-26.)

Del Webb contacted its excess carrier National Union on multiple separate occasions seeking defense against the claims arising from AMPAM's work and notifying it of other primary carrier policies' exhaustion. (See, e.g., Davies Decl. at Ex. U (May 6, 2010); id. at Ex. X (February 10, 2011); id. at Ex. Y (August 29, 2011); Exs. DD, EE; id. at Ex. EE [8/6/12 Letter from Del Webb to National Union].) In fact, Del Webb's primary insurance policies did not exhaust until at least July 18, 2012. ( Exs. CC [10/10/12 Letter to Del Webb from Liberty Mutual]; DD [12/18/12 Letter to Del Webb from Liberty Mutual] (both noting the Liberty Mutual Policy exhausting on July 18, 2012 and National Union's[2] confirmation of such exhaustion); Ex. EE [8/6/12 Letter from Del Webb to National Union] (tendering claim and noting the underlying Liberty Mutual policy's exhaustion); see also, id. at Ex. BB [7/2/12 Letter to National Union from Del Webb] (noting that the Liberty Mutual policy is exhausting).)

Based on the policy exclusions and the fact that the primary policy limits were not exhausted until July 18, 2012, at the earliest, National Union contends that it had no duty to indemnify, and therefore no duty to defend, in the underlying litigation.
//

//

//

---

[2] Therein, National Union is referred to as "Chartis" and/or as "National Union (Chartis)."

JS - 6    **LINK: 96, 108, 131**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

## III.
## DISCUSSION[3]

### A. LEGAL STANDARD

#### 1. SUMMARY JUDGMENT

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, when addressing a motion for summary judgment, the Court must decide whether there exist "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial, which it can meet by presenting evidence establishing the absence of a genuine issue or by "pointing out to the district court . . . that there is an absence of evidence" supporting a fact for which the non-moving party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). To defeat summary judgment, the non-moving party must put forth "affirmative evidence" that shows "that there is a genuine issue for trial." Anderson, 477 U.S. at 256–57. This evidence must be admissible. See Fed. R. Civ. P. 56(c), (e). The non-moving party cannot prevail by "simply show[ing] that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the non-moving party must show that evidence in the record could lead a rational trier of fact to find in its favor. Id. at 587. In reviewing the record, the Court must believe the non-moving party's evidence, and must draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

/ / /

---

[3] The Court notes that National Union asserts, without rebuttal from Del Webb, that "Arizona law and California law regarding an insurer's duties, the parties' burdens in a coverage dispute, and policy interpretation are essentially the same." (National Union Mem. at 12.) Where possible, the Court has cited to both California and Arizona authority, but finds them to be in harmony, or at the very least not contradictory, regarding the duty to defend and the duty to indemnify.

JS - 6     **LINK: 96, 108, 131**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|

| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al |
|---|---|

### 2. INSURANCE CONTRACT INTERPRETATION

The California Supreme Court has summarized the rules of insurance policy interpretation, stating that

> While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply. The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. Such intent is to be inferred, if possible, solely from the written provisions of the contract. If contractual language is clear and explicit, it governs. Moreover, if the policy's terms are used by the parties in a technical sense or a special meaning is given to them by usage, this use or meaning controls judicial interpretation.

> An insurance policy provision is ambiguous when it is capable of two or more constructions, both of which are reasonable. Courts will not adopt a strained or absurd interpretation in order to create an ambiguity where none exists. [L]anguage in a contract must be construed in the context of that instrument as a whole, and in the circumstances of that case, and cannot be found to be ambiguous in the abstract. If an asserted ambiguity is not eliminated by the language and context of the policy, courts then invoke the principle that ambiguities are generally construed against the party who caused the uncertainty to exist (i.e., the insurer) in order to protect the insured's reasonable expectation of coverage.

La Jolla Beach & Tennis Club. Inc. v. Industrial Indemnity Co., 9 Cal. 4th 27, 37-38 (1994) (internal citations and quotations omitted).

"The burden is on an insured to establish that the occurrence forming the basis of its claim is within the basic scope of insurance coverage. And, once an insured has made this showing, the burden is on the insurer to prove the claim is specifically excluded." Aydin Corp. v. First State Ins. Co., 18 Cal. 4th 1183, 1188 (1998); see also, Delgado v. Heritage Life Ins. Co., 157 Cal.App.3d 262, 271 (1984) ("Because of the superior bargaining power of the insurer, exceptions and exclusions in the insurance policy are strictly construed against the insurer and liberally interpreted in favor of the insured.").

JS - 6    **LINK: 96, 108, 131**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

### 3. DUTY TO DEFEND AND INDEMNIFY

Courts recognize that "'a liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity.'" Montrose Chem. Corp. v. Superior Court, 6 Cal.4th 287, 295 (1993) (citing Horace Mann Ins. Co. v. Barbara B., 4 Cal. 4th 1076, 1083 (1993)); Legal Servs. Corp. v. Cont'l Ins. Co., 42 F.3d 1400, at *3 (9th Cir 1994) ("A liability unsurer owes a broad duty to defend its insured against claims that create a potential for indemnity."). To determine whether an insured is entitled to a defense a Court must look towards the underlying complaint to find if the "insured's liability for damages [is] potentially covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy." Montrose at 299; see also, Legal Servs. at *3. "Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." Anthem Elecs., Inc. v. Pac. Employers Ins. Co., 302 F.3d 1049, 1054 (9th Cir. 2002); see also, Legal Servs. at *3. "'[O]nce the insured has established potential liability by reference to the factual allegations of the complaint, the terms of the policy, and any extrinsic evidence upon which the insured intends to rely, the insurer must assume its duty to defend unless and until it can conclusively refute that potential.'" Anthem Elecs. 302 F.3d at 1054(citing Montrose Chem. Corp., 6 Cal.4th at 299). Therefore, the duty to defend is not triggered when the insured fails to show a "conceivable theory...which could bring it within the policy coverage." Id. at 1056 (citing Motrose Chem. Corp, 6 Cal. 4th at 300. See also, Sony Computer Entm't Am. Inc. v. Am. Home Assur. Co., 532 F.3d 1007, 1017 (9th Cir. 2008).

The duty to defend is broader than the duty to indemnify; the duty exists in all cases except where the facts and claims establish that there can be no duty to indemnify. Certain Underwriters at Lloyd's of London v. Superior Court, 24 Cal. 4th 945, 958 (2001) ("The duty to indemnify and the duty to defend are correlative. . . . Whereas the duty to indemnify may indeed be broad, the duty to defend must perforce be broader still. . . . Where there is a duty to defend, there may be a duty to indemnify; but where there is no duty to defend, there cannot be a duty to indemnify."); Nat'l Fire Ins. Co. of Hartford v. Lewis, 898 F. Supp. 2d 1132, 1156 (D. Ariz. 2012) (insurer "under no duty to indemnify . . . . likewise do not have a duty to indemnify.").

These rules therefore require the Court to consider, in the specific context of this case, whether National Union had a potential obligation to indemnify AMPAM and Del Webb. If so, then it had a duty to defend once the primary policies were exhausted; if not, it had no duty to defend.

JS - 6     **LINK: 96, 108, 131**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

#### 4. CLASS CERTIFICATION UNDER ARIZONA LAW

The Arizona rules governing class actions are similar to the Federal Rules of Civil Procedure. ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. 94, 98 n.2 (Ct. App. 2002) (citing Lennon v. First Nat'l Bank of Arizona, 21 Ariz. App. 306, 308 n. 3 (1974)). For example, both the Federal and Arizona rules require that: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class[,] and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); Ariz. R. Civ. P. 23(a).

To certify a class action in Arizona, the rules state:

> As soon as practicable after the commencement of an action brought as a class action, the court shall hold a hearing and determine by written order whether it is to be so maintained. The court shall set forth its reasons and shall describe all evidence in support of its determination. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

Ariz. R. Civ. P. 23(c).

#### B. APPLICATION

#### 1. THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

The defining issue in this action is whether the Arizona action included claims that were potentially covered by National Union's Insurance.

##### a. The Arizona Complaint Alleged Covered Damages But Did Not Activate Excess Carrier National Union's Duty to Defend

Del Webb contends that the Arizona Complaint sufficiently alleged instances of property damage, giving rise to a duty to defend. (Docket No. 137 [Del Webb's Supplemental Opposition ("Supp. Opp.")].) Del Webb points out that the testimony of some homeowners was offered showing personal property damage in the Arizona action. (Del Webb Mem. at 5-6.) Therefore they argue that this extrinsic evidence and the complaint's allegations triggered National Union's

JS - 6    **LINK: 96, 108, 131**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

duty to defend. (Id. at 12.) These statements are true as far as they go, but they omit much of the relevant procedural history of the lawsuit that bears directly on the issue under consideration.

At the inception of this case, the complaint did plead claims that could have possibly given rise to covered damages. (See Plaintiff's RJN ISO Opp. at Ex. C; see also, 9/29/14 Hearing Trans. at 8, ln. 6-15 (Court acknowledging face of operative complaint appearing to extend to covered damages).). However, as National Union is an excess carrier its duty to defend does not arise until the primary insurance has been exhausted. See Am. Safety Indem. Co. v. Admiral Ins. Co., 220 Cal. App. 4th 1, 11 (2013) ("there is a presumption an excess carrier has no obligation to pay defense costs until the underlying primary insurance has been exhausted or there is express policy language that imposes an earlier defense obligation on the excess carrier.") (relying on Legacy Vulcan Corp. v. Superior Court, 185 Cal. App. 4th 677 (2010)); Community Redevelopment Agency v. Aetna Cas. & Sur. Co., 50 Cal. App. 4th 329, 339 (1996) (even if the underlying complaint potentially creates liability, an excess insurer has no duty to defend until the underlying insurance has been exhausted); Am. Family Mut. Ins. Co. v. Nat'l Fire & Marine Ins. Co., 463 Fed. Appx. 680 (9th Cir. 2011) (absent primary insurance exhaustion, excess carrier's duty to defend not triggered.) (applying Arizona law); Regal Homes Inc. v. CNA Ins., 217 Ariz. 159, 167-68 (2007) ("'Until a primary insurer offers its policy limit, the excess insurer does not have a duty to evaluate a settlement offer, to participate in the defense, or to act at all.'") (quoting Twin City Fire Ins. Co. v. Burke, 204 Ariz. 251, 256 ¶ 18 (2003)). Primary insurance in this case was not exhausted at least until July 18, 2012 when Liberty Mutual had paid out its policy limits, which occurred years after the CCO was issued on August 26, 2009. (See Davies Decl. at Exs. CC [10/10/12 Letter to Del Webb from Liberty Mutual]; DD [12/18/12 Letter to Del Webb from Liberty Mutual] (both noting the Liberty Mutual Policy exhausting on July 18, 2012). Thus, National Union's duty to defend could not possibly have arisen before the CCO.

As explained below, the Court finds that the CCO cut off any potential liability. Therefore, National Union's duty to defend never attached because any possibility of liability was extinguished before their duty could have possibly arisen.

### b. The Arizona Class Certification Order Cut Off Any Potentially Covered Damages and Extinguished National Union's Possible Duty to Defend

Del Webb argues that the CCO did not eliminate any damage claims from the Arizona action. (Supp. Opp. at 2.) Additionally, they argue that the CCO language is ambiguous and "is merely an observation by the Kirsch court (and an inaccurate one at that) about the kind of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

damages the class was seeking." (Id.) Furthermore, they contend that the issue regarding the scope of recoverable damages was not before the Arizona court at the time of the CCO. (Id. at 5.) Instead, they argue that parol evidence, such as the Arizona plaintiffs' testimony, demonstrates that the CCO did not narrow the scope of recoverable damages. (Id. at 3-5.) Del Webb argues that the plaintiffs continued to pursue liability based on a "damage-to-other-property" theory based on TGC soil damage that would continue to attack pipes "requiring that the entire plumbing system be re-routed." (Id. at 7.) They argue that plaintiffs repeatedly offered supporting expert testimony regarding underslab leaks and water damage to the homes supporting such a theory. (Id.) Del Webb contends that plaintiffs intended to seek damages for this soil damage as well as water damage from leaks. (Id. at 12-13.)

This contention appears to be at odds with statements made by the class plaintiffs in that case. (See National Union RFN Response at Ex. 21 at 293-295; SSF ¶ 74.) More importantly, they are directly contrary to the class certification order, which was issued to govern the scope of the litigation. These defects are noted in National Union's response to Del Webb's arguments.

National Union focuses primarily on the limitations imposed by the CCO and notes that the order expressly limited the Arizona suit to the claim that "Del Webb's defective design of the plumbing systems at Anthem required rerouting the pipes" and that "the only damages claimed were the costs associated with repairing this defect." (Docket No. 144 [National Union Response to Defendant's Supp. Opp. ("Resp.")] at 1.) National Union correctly notes that "[e]ven if a potential for coverage previously existed . . . the CCO terminated any potential for coverage." (Id. at 3.) Therefore, National Union argues, no genuine dispute of fact can exist whether there was any possibility of coverage under the excess CGL policies after the CCO. (Id.) Rather, because no potential liability existed, National Union asserts they could not have a duty to defend Del Webb after the CCO. (Id. at 1, 3.) Because the primary policies had not yet been exhausted, they argue that such determination prevented a duty to defend from ever attaching. (Id. at 3.)

The Court finds National Union's arguments persuasive. A class certification order defines the claims of a class. See Fed. R. Civ. P. 23(c). Neither party has cited any authority to the contrary demonstrating that Arizona class action law differs from federal law on this critical point. Because the CCO defined the claims of the class, the claims were therefore limited to damages for repair or replacement of the pipes, damages expressly excluded under the "Your Work" and "Your Product" Exclusions in the Policy. (CCO at 3; De Jong Decl. at Ex. A at 25-26.) Thus, any possible duty to defend by National Union was extinguished by the CCO. As explained above, National Union's duty to defend could not attach until after exhaustion of the

JS - 6        **LINK: 96, 108, 131**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 13-1330 GAF (SHx) | Date | November 19, 2014 |
|---|---|---|---|
| Title | Del Webb's Coventry Homes, Inc. et al v. National Union Fire Insurance Company et al | | |

primary insurance policies, which occurred long after the Arizona court issued the CCO. Therefore, because National Union had no obligation to indemnify its insured, National Union's duty to defend never attached.

Accordingly, the Court **GRANTS** National Union's converted Motion for Summary Judgment.

**2. DEL WEBB'S PENDING MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT IS MOOT**

Del Webb's pending a Motion for Leave to Amend the First Amended Complaint seeks to add newly-assigned claims of relief regarding recovery of settlement payments in the Arizona action. (Mem. Leave Amend FAC at 2.) Nothing regarding such amendment would change this Court's reasoning or conclusions regarding granting National Union's Motion for Summary Judgment. As such, Del Webb's Motion for Leave to Amend the First Amended Complaint is **MOOTED** by this order.

**IV.
CONCLUSION**

There remains no genuine dispute of material fact regarding the attachment of National Union's duty to defend or duty to indemnify. Accordingly, as a matter of law the Court **GRANTS** National Union's converted Motion for Summary Judgment and **DENIES** Del Webb's Motion for Partial Summary Judgment. Additionally, because Del Webb's Motion for Leave to Amend their First Amended Complaint is **MOOTED** by this order as explained above. The hearing presently scheduled for Monday, December 15, 2014 at 9:30 a.m. is hereby **VACATED**.

**IT IS SO ORDERED.**